IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:22-CR-135 (MSN) |
| KEVIN HYUNGJIN LEE, | Sentencing Date: January 19, 2023 |
| *Defendant*. | |

## **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual (USSG), § 6A1.2 (2018), hereby files this Position of the United States with Respect to Sentencing. The government has reviewed the Presentence Report and concurs with the findings of the Probation Office. Accordingly, the defendant's adjusted offense level under the USSG is 24, which at his Criminal History Category of I, yields an advisory guidelines range of 51-63 months. The government respectfully submits that a sentence of 51 months' imprisonment is reasonable and appropriately accounts for the factors set forth under 18 U.S.C. § 3553(a).

The government agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying it of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently and therefore moves for a one-level reduction pursuant to U.S.S.G. § 3E1.1(b). The Probation Office has taken this reduction into account in

its Guidelines calculation and it is reflected in paragraph 47 of the Presentence Report.

BACKGROUND

As reflected in the Presentence Report, starting in around October 2018, the defendant, Kevin Lee, was employed as a financial controller by Company A, a general contracting firm located within the Eastern District of Virginia. By virtue of his position, Mr. Lee had access to Company A's financial accounts and accounting software (QuickBooks). From almost the moment he began working for Company A, Mr. Lee began plundering its accounts by transferring company money into his own personal accounts. He disguised these transfers as payments to vendors. He further attempted to hide his crime by falsifying entries into Company A's accounting software and by opening a line of credit in the company's name, the proceeds of which he used to cover shortfalls created by his embezzlement. These unauthorized transfers continued unabated until roughly August 2021 and resulted in the theft of $7,016,129.50.

Mr. Lee made his initial appearance before the Court on October 6, 2022, and pleaded guilty to a one-count criminal information charging him with wire fraud, in violation of 18 U.S.C. § 1343.

ANALYSIS OF SENTENCING FACTORS

I. Overview of Applicable Law

Although the United States Sentencing Guidelines are advisory, *United States v. Booker* provides that a sentencing court "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in Section 3553(a) before imposing the

sentence. *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Under Title 18, United States Code, Section 3553, the Court must consider the nature and circumstances of the offense and the characteristics of the defendant. In addition, the Court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B). The Court must consider the need for the sentence imposed to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) and (D). The Court must also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

II.     Sentencing Recommendation

The parties agree the guidelines are appropriately calculated at adjusted offense level 24 and Criminal History Category I, rendering an advisory range of 51-63 months' imprisonment. By any measure, this is a serious crime. To begin, the recommendation provides appropriate punishment and specific deterrence to Mr. Lee, who abused a position of trust within Company A to embezzle a tremendous amount of money. The government anticipates representatives from Company A will tell the Court directly the extent to which they have been harmed by this crime. Worse still, the Presentence Report reflects that Mr. Lee used the stolen funds to finance his lifestyle, enrich himself through loans to individuals and investments in other companies, and to gamble in Atlantic City, New Jersey. PSR at ¶ 78 and 80. Finally, while committing this crime, Mr. Lee continued to earn an annual salary of roughly $132,000 from his victim: Company A. The recommended sentence also provides adequate general deterrence to others entrusted to

3

handle and access company money that is used to perpetuate lawful business, pay employees, and otherwise benefit the local community.

## CONCLUSION

Based on the forgoing, the government urges this Court to adopt its recommendation and impose a sentence of 51 months'

Respectfully submitted,

Jessica D. Aber
United States Attorney

_____/s/_____
David A. Peters
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
David.Peters@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2023, I filed the foregoing with the Clerk through CM/ECF and provided an electronic copy to Robert Jenkins, Esq. counsel for the defendant.

                                                  Jessica D. Aber
                                                  United States Attorney

                                                  _____/s/_____
                                                  David A. Peters
                                                  Assistant U.S. Attorney
                                                  United States Attorney's Office
                                                  Eastern District of Virginia
                                                  2100 Jamieson Avenue
                                                  Alexandria, VA 22314
                                                  (703) 299-3700
                                                  David.Peters@usdoj.gov